## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JOSUE BARRIENTOS, ENRIQUE GARCIA, FIDEL HERNANDEZ, and OSCAR NOE MARTINEZ, individually and on behalf of all others similarly situated,**

**Addresses filed under seal pursuant to LCvR 5.1(c)(1)**

**Plaintiffs,**

**v.**

**AMERIGAL CONSTRUCTION CO. INC.**
**7001 Glenn Dale Road**
**Glenn Dale, MD 20769**

Serve Registered Agent:

**JUAN MAYET JR.**
**3636 16th Street NW, #B-437**
**Washington, DC 20010**

**LUIS EZEQUIEL**
**7001 Glenn Dale Road**
**Glenn Dale, MD 20769**

and

**CAPITOL PAVING OF D.C. INC.**
**2211 Channing Street NE**
**Washington, DC 20018**

**c/o C T CORPORATION SYSTEM**
**1015 15th Street NW, Suite 1000**
**Washington, DC 20005**

**Defendants.**

**Case No. 1:22-cv-02618**

**Class and Collective Action Complaint**

**Jury Trial Demanded**

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiffs Josue Barrientos, Enrique Garcia, Fidel Hernandez, and Oscar Noe Martinez, bring this action against Defendants Amerigal Construction Co. Inc. ("Amerigal"), Amerigal owner Luis Ezequiel, and Capitol Paving of D.C. Inc. ("Capitol Paving").

2.      Plaintiffs challenge Defendants' failure to compensate all hours worked performing tasks integral to the construction work, failure to pay straight time and overtime hours at the required prevailing wage rates, and taking unauthorized deductions from Plaintiffs' paychecks in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"); D.C. Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq*. ("DCMWA"); D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq*. ("DCWPCL") (collectively, the "D.C. Wage Laws"); Maryland Prevailing Wage Law, Md. Code Ann., State Fin. & Procurement § 17-201, *et seq*. ("MPWL"), Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq*. ("MWHL"); and Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq*. ("MWPCL") (collectively, the "Maryland Wage Laws").

3.      Plaintiffs seek to recover unpaid wages and overtime compensation, damages, declaratory and injunctive relief, pre- and postjudgment interest, and attorneys' fees and costs pursuant to the FLSA, D.C. Wage Laws, and Maryland Wage Laws.

4.      Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former non-exempt employees of Defendant Amerigal who performed work on water mains and other public works projects in the District of Columbia and Maryland and who elect to opt-in to this action pursuant to the collective-action provision of the FLSA, 29 U.S.C. § 216(b).

5.      For other claims, Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former non-exempt employees pursuant to Federal Rule of Civil

Procedure 23, the DCMWA, D.C. Code § 32-1012; DCWPCL, D.C. Code § 32-1308(a)(1)(C);

MPWL, Md. Code Ann., State Fin. & Proc., § 17-224(b)(1); MWHL, Md. Code Ann., Lab. &

Empl. § 3-427(a); and MWPCL, Md. Code Ann., Lab. & Empl. § 3-507.2(a).

**Jurisdiction and Venue**

6.    This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28

U.S.C. § 1331 because this is a civil action arising under the FLSA, 29 U.S.C. § 201 *et seq*. This

Court has supplemental jurisdiction over Plaintiffs' related claims arising under D.C. and

Maryland law pursuant to 28 U.S.C § 1367(a) and Article III, Section 2 of the United States

Constitution.

7.    Plaintiffs' state law claims are so closely related to their claims under the FLSA

that they form part of the same case or controversy under Article III of the United States

Constitution.

8.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

part of the events or omissions giving rise to the claims occurred in this District.

**The Parties**

9.    Plaintiff Josue Barrientos was an hourly non-exempt employee for Defendants

Amerigal and Ezequiel from approximately December 2021 through approximately June 2022.

10.    Plaintiff Enrique Garcia was an hourly non-exempt employee of Defendants

Amerigal and Ezequiel from approximately May 2022 through approximately June 2022.

11.    Plaintiff Fidel Hernandez was an hourly non-exempt employee of Defendants

Amerigal and Ezequiel from approximately January 2022 through July 2022.

12.    Plaintiff Oscar Noe Martinez was an hourly non-exempt employee of Defendants

Amerigal and Ezequiel from approximately February 2022 through approximately July 2022.

13.     Plaintiffs and putative plaintiffs are all former or current non-exempt employees of the Defendants who were employed at any time during the period of August 2019 through the date of filing of this Complaint ("Class and Collective Action Period").

14.     As required by the FLSA, 29 U.S.C. § 216(b), each Plaintiff has given his or her written consent to become a party to this action. True and correct copies of Plaintiffs' FLSA consent forms will be filed contemporaneously with this Complaint.

15.     Defendant Amerigal is a Maryland corporation with its principal place of business at 7001 Glenn Dale Rd. in Glenn Dale, Maryland. At all times relevant to this action, Amerigal (i) has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, (ii) has been Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(g), DCMWA, D.C. Code § 32-1002(3), DCWPCL, *id.* at § 32-1301, Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b), and is a qualifying subcontractor under the MPWL, Md. Code Ann., State Fin. & Proc. §§ 17-201(h), 17-202(b), and 17-208.

16.     Upon information and belief, Defendant Luis Ezequiel is an individual resident of Maryland.

17.     At all times relevant to this action, Ezequiel served as the principal owner and president of Amerigal.

18.     At all times relevant to this action, Ezequiel exercised direct operational control over Amerigal. Ezequiel had the power to and regularly exercises the authority to hire and fire Amerigal employees and make decisions regarding the pay of Amerigal employees. Ezequiel is or was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(g), DCMWA,

D.C. Code § 32-1002(3), DCWPCL, *id.* at § 32-1301, Md. Code Ann., Lab. & Empl., § 3-101(c), the MWHL, *id.* at § 3-401(b), and the MWPCL, *id.* at § 3-501(b).

19.     Defendant Capitol Paving is a District of Columbia corporation that operates as a general contractor and construction manager on public and private projects. Capitol Paving specializes in public infrastructure construction projects for clients throughout the Washington, D.C. metropolitan area.

20.     Upon information and belief, Capitol Paving was the signatory to contracts worth more than $250,000 with DC Water to perform water main construction and servicing work in the Washington, D.C. Metropolitan Area. Defendant Amerigal performed work on these contracts by way of subcontracts worth more than $250,000 with Capitol Paving.

21.     Capitol Paving's principal office is located at 2211 Channing Street NE, Washington, D.C. 20018.

### Collective Action Allegations

22.     Plaintiffs bring the first Cause of Action, the FLSA overtime claims, on behalf of themselves and all similarly situated persons who work or have worked for Defendant Amerigal between August 2019, and the date of final judgment, who did not receive overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

23.     This action is maintainable as an "opt-in" collective action as to claims for unpaid wages and overtime compensation, damages, declaratory and injunctive relief, and attorneys' fees and costs pursuant to the FLSA.

24. Upon information and belief, there are numerous current and former non-exempt employees of Defendants who are similarly situated to Plaintiffs. The precise number of similarly-situated employees is known only to Defendants.

25. Because these similarly situated employees are readily identifiable to Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it for the purpose of collectively adjudicating their claims for unpaid wages and overtime compensation, damages, declaratory and injunctive relief, and attorneys' fees and costs under the FLSA.

26. A collective action is appropriate in this case because Plaintiffs and putative plaintiffs: are or were employees of Defendants Amerigal and Ezequiel during the statutory period; (2) have or had similar duties and performed similar tasks; (3) allege similar violations of the FLSA in the form of unlawful compensation policies; and (4) seek the same remedies.

27. Plaintiffs are adequate representatives of the FLSA Collective because they were non-exempt employees who performed construction work for Defendants Amerigal and Ezequiel and were not properly paid for the work they performed.

## **Washington D.C. Class Action Allegations**

28. Plaintiffs bring the Third, Fourth, Fifth, Ninth, and Tenth Causes of Action on behalf of themselves and a class of persons who work or have worked on contracts funded in whole or in part, by the federal government or the District of Columbia for Defendant Amerigal in Washington, D.C. ("D.C. Public Works Projects") between August 2019 and the date of final judgment, who did not receive the applicable prevailing wage for work performed on the D.C. Public Works Projects, who had unlawful deductions taken from their paychecks by Defendant Amerigal, who did not receive straight time wages for hours worked performing tasks integral to

their construction work before arriving at the worksite, and who did not receive overtime compensation for all hours worked over 40 in a workweek (the "D.C. Class").

29.     Plaintiffs Barrientos, Garcia, Hernandez, and Martinez seek to represent the D.C. Class.

30.     This action involves substantial questions of fact and/or law common to the claims of the D.C. Class, including, but not limited to, whether Defendants had a practice and policy of wrongfully failing to compensate all hours worked performing tasks integral to workers' principal tasks, failing to pay straight time and overtime hours at the applicable prevailing wage rates, and taking unauthorized deductions from Plaintiffs' and other similarly-situated current and former non-exempt employees' paychecks.

31.     The prosecution of separate actions by individual members of the D.C. Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and the subclasses that would establish incompatible standards of conduct for Defendants, pursuant to Fed. R. Civ. P. 23(b)(1)(A).

32.     Alternatively, or in addition, questions of law or fact common to D.C. Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, pursuant to Fed. R. Civ. P. 23(b)(3).

33.     Plaintiffs' claims are typical of the claims of all members of the class and are based on the same facts as the D.C. Class. Plaintiffs were not paid properly at the prevailing wage for straight time and overtime hours worked, had unauthorized deductions taken from their paychecks, and were not compensated for all hours worked performing tasks integral to their

principal tasks, in violation of the DC Wage Laws on the same grounds applicable to all members of the D.C. Class.

34.     Plaintiffs will fairly and adequately protect the interests of the D.C. Class.

35.     Plaintiffs have no interests that are antagonistic to the interests of the D.C. Class as a whole. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in wage and hour law and class action litigation.

**Maryland Class Action Allegations**

36.     Plaintiffs bring the Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action on behalf of themselves and a class of persons who work or have worked on contracts funded in whole or in part, by the federal government or the State of Maryland for Defendant Amerigal in Maryland ("Maryland Public Works Projects") between August 2019 and the date of final judgment, who did not receive the applicable prevailing wage for work performed on the Maryland Public Works Projects, who had unlawful deductions taken from their paychecks by Defendant Amerigal, who did not receive straight time wages for hours worked performing tasks integral to their construction work before arriving at the worksite, and who did not receive overtime compensation for all hours worked over 40 in a workweek (the "Maryland Class").

37.     Plaintiffs Barrientos, Garcia, Hernandez, and Martinez seek to represent the Maryland Class.

38.     This action involves substantial questions of fact and/or law common to the claims of the Maryland Class, including, but not limited to, whether Defendants had a practice and policy of wrongfully failing to compensate all hours worked performing tasks integral to workers' principal tasks, failing to pay straight time and overtime hours at the applicable

prevailing wage rates, and taking unauthorized deductions from Plaintiffs' and other similarly-situated current and former non-exempt employees' paychecks.

39.     The prosecution of separate actions by individual members of the Maryland Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and the subclasses that would establish incompatible standards of conduct for Defendants, pursuant to Fed. R. Civ. P. 23(b)(1)(A).

40.     Alternatively, or in addition, questions of law or fact common to Maryland Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, pursuant to Fed. R. Civ. P. 23(b)(3).

41.     Plaintiffs' claims are typical of the claims and are based on the same facts of the Maryland Class. Plaintiffs were not paid properly at the prevailing wage for straight time and overtime hours worked, had unauthorized deductions taken from their paychecks, and were not compensated for all hours worked performing tasks integral to their principal tasks, on the same grounds applicable to all members of the Maryland Class.

42.     Plaintiffs will fairly and adequately protect the interests of the Maryland Class.

43.     Plaintiffs have no interests that are antagonistic to the interests of the Maryland Class as a whole. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in wage and hour law and class action litigation.

**General Factual Allegations**

44.     Defendants Amerigal and Ezequiel, as employers and/or joint employers, employed Plaintiffs and other similarly-situated employees to perform water main construction and servicing work in the District of Columbia and Maryland.

45.     Amerigal and Ezequiel did not classify Plaintiffs as exempt.

46.     Plaintiffs did not perform any work that was of a bona fide executive, administrative, or professional nature, or that would otherwise exempt them from the FLSA, D.C. Wage Laws or Maryland Wage Laws.

47.     D.C. Water is an agency of the District of Columbia government and by law all contracts issued under its auspices are subject to payment of prevailing wages and benefits.. *See, e.g.*, D.C. Water & Sewer Auth., *General Provisions for Goods and Services Contracts*, § 2.3 (Dec. 20, 2012), www.dcwater.com/sites/default/files/A - General Provisions.pdf; D.C. Water & Sewer Auth., *D.C. Water Works Program Manual*, §§ 2.11, 10.2 (Oct. 1, 2016), www.dcwater.com/sites/default/files/DCWater_Procurement_Manual.pdf.

48.     WSSC Water is a Maryland government entity that serves as water and wastewater utility for Montgomery and Prince George's Counties, Maryland.

49.     Amerigal performed work on the public works projects as a subcontractor to Capitol Paving.

**Prevailing Wage Allegations**

50.     The public works projects were and are subject to laws and regulations mandating the payment of prevailing wages and benefits to laborers working on those public works. Prevailing wage laws require that contractors and subcontractors on projects funded, in whole or in part by the federal government under 40 U.S.C. § 3141 *et seq*., the District of Columbia under D.C. Code § 32-1301(3)(E)(ii) & (iii), and/or the State of Maryland under Md. Code Ann., State Fin. & Proc. §§ 17-201(h), 17-202(b), and 17-208, pay workers no less than the locally prevailing wage. Locally prevailing wages can vary by job classification and consist of a basic hourly rate of pay plus another amount for required fringe benefits.

51.     Under the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.* and Related Acts, prevailing-wage requirements must be incorporated into each contract for construction on a covered project.

52.     The DCWPCL instructs that "[i]n enforcing the provisions of this chapter, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." D.C. Code § 32-1305.

53.     The MPWL requires contractors or subcontractors under state public work contracts worth at least $250,000 that are not otherwise covered by federal law to pay their employees the appropriate "prevailing wage rate" for their work classification in their particular locality. Md. Code Ann., State Fin. & Proc. §§ 17-201(h), 17-202(b), and 17-208.

54.     Upon information and belief, the contracts between D.C. Water and Capitol Paving incorporated the prevailing wage rates applicable to construction workers on the Projects.

55.     Upon information and belief, Amerigal received subcontracts for construction services on D.C. and Maryland water main public works projects.

56.     Upon information and belief, the contracts for the DC Public Works Projects between Defendants Amerigal and Capitol Paving for the public works projects also incorporated the prevailing wage rates.

57.     Upon information and belief, WSSC Water issued contracts that incorporated the prevailing wage rates applicable to construction workers, and Amerigal received subcontracts for construction services on these contracts that also incorporated the prevailing wage rates.

58.     As a subcontractor on these contracts, Amerigal was required to pay its employees the prevailing wage for all time worked.

11

59.     Plaintiffs are intended third-party beneficiaries of the contracts between D.C. Water and Capitol Paving, and the subcontracts between Capitol Paving and Amerigal.

60.     Amerigal hired Plaintiffs to perform water main construction work on the public works projects.

61.     Plaintiffs Barrientos, Garcia, Hernandez, and Martinez worked for Defendants Amerigal and Ezequiel on the public works projects and were not paid the applicable prevailing wages and fringe benefits for their straight time and overtime work.

62.     During Plaintiff Barrientos' employment, Amerigal and Ezequiel paid him at the rate of between $23 and $28.10 per hour.

63.     During Plaintiff Garcia's employment, Amerigal and Ezequiel paid him at the rate of $24 per hour.

64.     During Plaintiff Hernandez's employment, Amerigal and Ezequiel paid him at the rate of $28.10 per hour.

65.     During Plaintiff Martinez's employment, Amerigal paid him at the rate of $28 per hour.

66.     Upon information and belief, Plaintiffs and other similarly-situated employees worked in excess of 40 hours per week from time to time.

67.     Amerigal did not pay Plaintiffs and other workers the correct rate for hours worked in excess of 40 hours per week because any overtime calculations were not based on the proper prevailing wage rates.

**Allegations Concerning the Failure to Compensate All Hours Worked**

68.　　Throughout Plaintiffs' tenures of employment, Defendant Amerigal required workers to report for work at its office in Glenn Dale, Maryland before traveling to work sites. Plaintiffs and other workers typically arrived to Amerigal's office between 5:30 am and 6:00 am.

69.　　Upon workers' arrival between 5:30 am and 6:00 am and until their departure to project sites between 7:00 am and 7:30 am, Defendant Amerigal, directly or through its agents, instructed them to load tools, equipment, and materials required for that day's projects on to Amerigal trucks and trailers.

70.　　Defendant Amerigal owned most or all tools, equipment, and materials required for the day's projects.

71.　　Loading the tools, equipment, and other materials required for the day's projects were integral and indispensable tasks necessary for workers to perform their job on the worksite. *See* 29 C.F.R. § 785.24.

72.　　Pursuant to the DCMWA, hours worked includes time during which an employee: (i) is required to be either on the employer's premises, on duty, or at a prescribed place; (ii) is permitted to work; (iii) is required to travel in connection with the employer's business; or (iv) waits on the employer's premises for work. D.C. Code § 32-1002(10).

73.　　The DCMWA's compensable hours requirements must be interpreted consistently with the federal FLSA regulations, except for any references to the Portal-to-Portal Act. *Id*.

74.　　Pursuant to the DCMWA, working time includes all time spent traveling in connection with the employer's business. D.C. Code § 32-1002(10). This is broader than the federal FLSA requirements under 29 U.S.C. §§ 251 et seq. and 29 C.F.R. § 785.39.

75.     The Code of Maryland Regulations defines "hours of work" broadly, as the time during a workweek that the employee is required by the employer to be either: (i) on the employer's premises (ii) on duty or (iii) at a prescribed workplace. COMAR 09.12.41.10(A).

76.     Travel time is compensable under the Code of Maryland Regulations if the employee either: (i) travels during regular work hours, (ii) travels from one worksite to another, or (iii) is called out after work hours for emergencies. COMAR 09.12.41.10(C).

77.     Defendants or their agents directed employees by providing oral instructions and assigned workers to projects at the Amerigal office, and other times Defendants or their agents sent this information by text message.

78.     Some workers rode in Amerigal vehicles to worksites. Other workers drove to work sites from Amerigal's office individually or collectively in personal, non-Amerigal vehicles.

79.     Amerigal did not pay Plaintiffs for the time spent loading tools and equipment or driving to project worksites.

80.     Amerigal did not pay Plaintiffs for all compensable hours worked because any straight time or overtime calculations were not based on the correct number of compensable hours worked per week.

81.     Plaintiffs and other workers reported for work at Amerigal's office at approximately 5:30 a.m. to load tools, equipment, and materials and prepare for their work. Plaintiffs then drove to work sites and performed construction work at the project work sites beginning at approximately 8:00 a.m. Plaintiffs' daily hours were determined by Defendants and their agents, who told them when to start and stop working.

82.     Plaintiffs generally worked Monday through Friday and sometimes on Saturday.

14

83.     Pursuant to the FLSA, 29 C.F.R. § 516, D.C. Code § 32-1331.12, and Md. Code Ann., Lab. & Empl., § 3-424, Defendants Amerigal and Ezequiel had an obligation to maintain employment records for each Plaintiff. The exact number of hours worked each week by the Plaintiffs can only be determined through discovery.

84.     Upon information and belief, at all times relevant to this action, Defendants had a policy of not paying Plaintiffs for all time worked.

85.     Plaintiffs sometimes worked in excess of 40 hours per week.

86.     Under the FLSA, Defendants were required to pay Plaintiffs one-and-one-half times their regular rate for all hours worked over 40 hours in a workweek. 29 U.S.C. § 207(a)(1).

87.     At all times relevant to this action, Defendants had a policy of not paying Plaintiffs at time-and-one-half for their work when Defendants caused Plaintiffs to work more than 40 hours in a workweek.

### Unlawful Deductions Allegations

88.     Defendants Amerigal and Ezequiel made unlawful deductions from Plaintiffs' and other similarly-situated construction workers' paychecks.

89.     The unlawful deductions were and are itemized on Plaintiffs' paystubs as "FRINGES" and Defendant Amerigal made the deductions without authorization from its affected employees.

90.     Defendants Amerigal and Ezequiel made the following "FRINGES" Deductions from Plaintiff Barrientos' paychecks:

| PAY PERIOD | PAY DATE | GROSS PAY | FRINGES DEDUCTED | NET PAY |
|---|---|---|---|---|
| 02/06/2022-02/12/2022 | 02/18/2022 | $2,002.00 | $431.50 | $1,062.25 |
| 03/06/2022-03/12/2022 | 03/18/2022 | $1,053.75 | $288.38 | $580.81 |

| | | | | |
|---|---|---|---|---|
| 03/20/2022-03/26/2022 | 04/01/2022 | $730.60 | $199.94 | $434.67 |

91.     As of April 30, 2022, Defendants Amerigal and Ezequiel had unlawfully deducted at least a total of $2,608.88 in "FRINGES" from Plaintiff Barrientos' paychecks in 2022.

92.     Defendants Amerigal and Ezequiel made the following "FRINGES" Deductions from Plaintiff Hernandez's paychecks:

| PAY PERIOD | PAY DATE | GROSS PAY | FRINGES DEDUCTED | NET PAY |
|---|---|---|---|---|
| 03/20/2022-03/26/2022 | 04/01/2022 | $1,250.45 | $330.67 | $704.52 |

93.     As of July 2, 2022, Defendants Amerigal and Ezequiel had unlawfully deducted at least a total of $611.36 in "FRINGES" from Plaintiff Hernandez's paychecks in 2022.

94.     As of July 2, 2022, Defendants Amerigal and Ezequiel had unlawfully deducted at least a total of $569.07 in "FRINGES" from Plaintiff Martinez's paychecks in 2022.

95.     Plaintiffs at no time authorized the "FRINGES" deductions in writings or otherwise.

96.     When Plaintiff Barrientos inquired into the purpose of the "FRINGES" deductions, Defendant Ezequiel answered that the deductions were made pursuant to government fees and charges.

97.     When Plaintiff Barrientos again inquired about the purported government fees and charges, Defendant Ezequiel stated that the "FRINGES" would be returned to Plaintiff Barrientos and other employees at the end of a vague three-year period but at no time were they ever restored.

98.     Amerigal and Ezequiel made unlawful deductions from Plaintiffs' paychecks in violation of D.C. Code § 16-572; the DCWPCL, D.C. Code § 32-1302; and the MWPCL, Md. Code Ann., Lab. & Empl. § 3-503.

99.     At all times relevant to this action, Defendants had a policy of unlawfully deducting "FRINGES" from Plaintiffs' and similarly-situated workers' paychecks.

## Count I
### Violation of the FLSA, 29 U.S.C. § 201 et seq. – Unpaid Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

100.     Plaintiffs incorporate by reference and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

101.     Amerigal and Ezequiel failed to pay Plaintiffs and other workers the wages to which they are entitled under the FLSA for all hours worked.

102.     Amerigal and Ezequiel have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

103.     At all times relevant to this action, Plaintiffs were or have been employees within the meaning of 29 U.S.C §§ 203(e), (m), and 206(a).

104.     At all times relevant to this action, Amerigal and Ezequiel have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

105.     Amerigal and Ezequiel were required to pay Plaintiffs the applicable wage for all work performed from August 2019 to present.

106.     Amerigal and Ezequiel required Plaintiffs to report to Amerigal's office to preform work integral to their principal activities of activity of water main construction and then travel to various worksites.

107.    Loading tools, equipment and materials onto Amerigal vehicles was integral to their principal activities of water main construction at the various worksite.

108.    Time spent loading tools, equipment and materials and traveling between Amerigal's office and the various public work sites was compensable time for which Amerigal and Ezequiel did not pay Plaintiffs the required wage in violation of the FLSA, 29 U.S.C. §§ 206(a) and 207(a), and supporting federal regulations, 29 C.F.R. §§ 778.107, 785.11, 785.12, and 785.13.

109.    As a result of Amerigal's and Ezequiel's violations of the FLSA, Plaintiffs have suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

110.    Amerigal's and Ezequiel's unlawful conduct, as described in this Complaint, has been intentional and willful. Amerigal and Ezequiel were aware or should have been aware that the practices described in this Complaint were unlawful. Amerigal and Ezequiel have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

## Count II
### Violation of the FLSA, 29 U.S.C. § 201 et seq. – Unpaid Overtime Compensation
### (Brought on behalf of Plaintiffs and the FLSA Collective)

111.    Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

112.    The overtime provisions set forth in the FLSA, 29 U.S.C. § 207(a), and the supporting federal regulations, apply to Defendants Amerigal and Ezequiel and protect Plaintiffs.

113.    Amerigal and Ezequiel have failed to pay Plaintiffs overtime compensation for all hours that they worked in excess of 40 hours in a workweek, including the time spent performing tasks integral to their principal activities prior to arriving at construction worksites.

114.    As a result of Amerigal's and Ezequiel's unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA, 29 U.S.C. § 216(b).

115.    Amerigal's and Ezequiel's unlawful conduct, as described in this Complaint, has been intentional and willful. Amerigal and Ezequiel were aware or should have been aware that the practices described in this Complaint were unlawful. Amerigal and Ezequiel have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

116.    Because Amerigal's and Ezequiel's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

<u>**Count III**</u>
**Violation of the DCWPCL, D.C. Code § 32-1301 et seq. – Prevailing Wage**
**(Brought on behalf of Plaintiffs and the D.C. Class)**

117.    Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

118.    Defendants Amerigal and Ezequiel were and are employers within the meaning of the DCWPCL, D.C. Code § 32-1301(1B), and are subject to the provisions of the DCWPCL.

119.    Defendant Capitol Paving was the general contractor on the D.C. Public Works Projects and is therefore jointly and severally liable to Plaintiffs for Defendants Amerigal's and Ezequiel's violations of the DCWPCL, pursuant to D.C. Code § 32-1303(5).

120.     Under the DCWPCL, Defendants were required to pay Plaintiffs and the D.C.

Class all wages for time worked. For purposes of the DCWPCL, "wages" also include "fringe

benefits paid in cash," and "other remuneration promised or owed" pursuant to (i) a contract for

employment, whether written or oral, (ii) a contract between an employer and another person or

entity, or (iii) District or federal law. D.C. Code § 32-1301(3)(E).

121.     For purposes of the DCWPCL, wages can include prevailing wages and fringe

benefits. In enforcing the DCWPCL, courts shall presume "the remuneration promised by an

employer to an employee... to be at least the amount required by federal law, including federal

law requiring payment of prevailing wages." D.C. Code § 32-1305(b).

122.     Defendants had an obligation to pay Plaintiffs the proper prevailing wage rates

pursuant to D.C. Code § 32-1301(3)(E)(ii) & (iii).

123.     Defendants violated the DCWPCL by failing to timely pay Plaintiffs all wages

due, including prevailing wages and fringe benefits and by failing to from August 2019 until

final judgment.

124.     Defendants' actions were willful and not in good faith.

125.     Defendants are liable, individually and collectively, jointly and severally, to

Plaintiffs under this Count for all unpaid wages in such an amount to be proven at trial, plus

statutorily available damages equal to three times the amount of unpaid wages, interest (both pre-

and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems

appropriate. D.C. Code § 32-1303(5) and § 32-1308.

<u>**Count IV**</u>
**Violation of the DCMWA, D.C. Code, § 32-1001 et seq. – Unpaid Overtime Compensation**
**(Brought on behalf of Plaintiffs and the D.C. Class)**

126.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if

fully set forth herein.

127.     Defendants Amerigal and Ezequiel were and are employers within the meaning of the DCMWA, D.C. Code § 32-1002(3), and are subject to the provisions of the DCMWA.

128.     Defendant Capitol Paving was the general contractor on the D.C. Public Works Projects and is therefore jointly and severally liable to Plaintiffs for Defendants Amerigal's and Ezequiel's violations of the DCMWA, pursuant to D.C. Code § 32-1012(c).

129.     Defendants had an obligation to provide overtime pay to Plaintiffs and other similarly situated workers based on the applicable prevailing wage rate.

130.     Defendants' violations of the DCMWA were willful.

131.     Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs under this Count for unpaid overtime wages in such an amount to be proven at trial, plus statutorily available damages equal to three (3) times the amount of unpaid overtime wages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate. D.C. Code § 32-1012.

**Count V**
**Violation of the DCWPCL, § 32-1301 et seq. – Unlawful Deductions**
**(Brought on behalf of Plaintiffs and the D.C. Class)**

132.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

133.     Defendants Amerigal and Ezequiel were and are employers within the meaning of the DCWPCL, D.C. Code § 32-1301(1B), and are subject to the provisions of the DCWPCL.

134.     Amerigal and Ezequiel violated and continue to violate the DCWPCL by making unlawful deductions in violation of the DCWPCL's requirement that employers pay employees "all wages earned" on regular paydays. D.C. Code § 32-1302.

135.     These unlawful deductions include "FRINGES" fees improperly charged to Plaintiffs and the D.C. Class.

136.     Defendant Capitol Paving was the general contractor on the D.C. Public Works Projects and is therefore jointly and severally liable to Plaintiffs for Defendants Amerigal's and Ezequiel's violations of the DCWPCL, pursuant to D.C. Code § 32-1303(5).

137.     Defendants' violations of the DCWPCL were willful and not in good faith.

138.     Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs under this Count for all unpaid wages in such an amount to be proven at trial, plus statutorily available damages equal to three times the amount of unpaid wages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate. D.C. Code § 32-1303(5) and § 32-1308.

<u>Count VI</u>
**Violation of the MPWL, Md. Code Ann., State Fin. & Procurement, § 17-201, et seq. – Prevailing Wage**
**(Brought on behalf of Plaintiffs and the Maryland Class)**

139.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

140.     Plaintiffs were and/or are employees within the meaning of the MPWL, Md. Code Ann., State Fin. & Procurement § 17-201(f)(1), and eligible to receive the prevailing wage rate for qualifying public works projects in Maryland under Md. Code Ann., State Fin. & Proc. §§ 17-201(h), 17-202(b), and 17-208.

141.     The MPWL applies to public construction projects valued at $250,000 or more based on the certain criteria. For government projects, a wage determination issued for a project specifies the wage and fringe benefit rates for each classification of worker, determined to prevailing wage in that locality for that type of construction.

142.     Under the MPWL, Defendants were required to pay Plaintiffs all wages including fringe benefits Md. Code Ann., State Fin. & Proc. § 17-208; 17-224(b) and (e).

143.     Defendants violated the MPWL by failing to timely pay Plaintiffs all wages due, including prevailing wages and fringe benefits and by failing to from August 2019 until final judgment.

144.     Defendants' prevailing wage violations were made willfully, knowingly, with deliberate ignorance or reckless disregard of the MPWL, and not in good faith.

145.     Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs under this Count for the difference between the prevailing wage rate and the amount the employee received, unpaid fringe benefits or fringe benefit contributions, reasonable attorneys' fees and costs, double or treble damages, and any other relief deemed appropriate by the Court. Md. Code Ann., State Fin. & Proc. § 17-224(b), (e).

<u>**Count VII**</u>
**Violation of the MWHL – Failure to Compensate all Hours of Work**
**(Brought on behalf of Plaintiffs and the Maryland Class)**

146.     Plaintiffs repeat and reallege the foregoing paragraphs of this complaint as if fully set forth herein.

147.     Defendants Amerigal and Ezequiel were and are employers within the meaning of Md. Code Ann., Lab. & Empl., § 3-101(c) and the MWHL, *id*. at § 3-401(b).

148.     Amerigal and Ezequiel unlawfully failed or refused to pay Plaintiffs' wages for all compensable hours worked in violation of Md. Code Ann., Lab. & Empl. §§ 3-413(b), 3-415(a) and 3-420; and COMAR 09.12.41.10(A).

149.     Defendants' violations of the MWHL were willful and not in good faith.

150.     Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and the Maryland Class under this Count for their unpaid minimum and overtime wages, and statutory damages, plus interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court pursuant to §§ 3-427(a) and (d) of the MWHL.

## Count VIII
### Violation of the MWPCA – Unlawful Deductions
### (Brought on behalf of Plaintiffs and the Maryland Class)

151.    Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

152.    Defendants Amerigal and Ezequiel unlawfully failed or refused to pay Plaintiffs all wages due, including overtime wages and minimum wages in violation of Md. Code Ann., Lab. & Empl. § 3-502.

153.    Amerigal and Ezequiel made unlawful deductions from Plaintiffs' paychecks in violation of Md. Code Ann., Lab. & Empl. § 3-503.

154.    Amerigal and Ezequiel unlawfully failed or refused to timely pay Plaintiffs all wages due for work that they performed, in violation of Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505(a).

155.    Amerigal's and Ezequiel's unlawful failure or refusal to pay all required wages was not the result of a bona fide dispute over the validity of the claim or the amount due and owing.

156.    Defendants are liable, independently and collectively, jointly and severally, to Plaintiffs under this Count for unpaid wages, including wages not paid due to unlawful deductions, an additional award of double damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2.

## Count IX
### Third Party Beneficiary Breach of Contract
### (Brought on behalf of Plaintiffs, the D.C. Class, and the Maryland Class)

157.    Plaintiffs repeat and reallege the foregoing paragraphs of this complaint as if fully set forth herein.

24

158.     Defendants were legally required to pay Plaintiffs the applicable prevailing wage rates for all construction work performed on the applicable above-referenced public works projects in accordance with the terms of the contracts between DC Water and Defendant Capitol Paving, and the subcontracts between Defendants Capitol Paving and Amerigal.

159.     Plaintiffs were persons covered by, or the intended third-party beneficiaries of, the prevailing wage requirement in the contracts between DC Water and Defendant Capitol Paving, and the subcontracts between Defendants Capitol Paving and Amerigal.

160.     Defendants knowingly and willfully failed or refused to pay Plaintiffs the prevailing wage for straight time and overtime hours of work in connection with the execution of Defendants' contracts to provide construction work on water main projects at various locations in the District of Columbia and Maryland.

161.     Defendants' failure or refusal to pay Plaintiffs the prevailing wage for straight time and overtime hours of work constitutes a material breach of contracts between DC Water and Defendant Capitol Paving, and the subcontracts between Defendants Capitol Paving and Amerigal.

162.     Plaintiffs did not receive the monies they were due as beneficiaries of the contracts entered into by Defendants, which provided for the payment of prevailing wages, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs were paid and the amount Plaintiffs should have been paid in overtime and non-overtime prevailing wages, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes, and such other relief as the Court deems proper.

**Count X**
**Breach of Contract**
**(Brought on behalf of Plaintiffs, the D.C. Class, and the Maryland Class)**

163.    Plaintiffs repeat and reallege the foregoing paragraphs of this complaint as if fully set forth herein.

164.    Defendant Amerigal entered into a contract with each Plaintiff when it posted boards at each jobsite with job and wage information to each, or otherwise promised the prevailing wage they were due.

165.    Plaintiffs, the D.C. Class, and the Maryland Class performed their job duties for Amerigal's benefit.

166.    Amerigal did not pay Plaintiffs the promised wage rates, as communicated on the board.

167.    Amerigal's failure or refusal to pay Plaintiffs the wage rates on the board for straight time and overtime hours of work constitutes a material breach of the contracts between Amerigal and each Plaintiff.

168.    Plaintiffs did not receive the monies they were due under the contracts between Amerigal and Plaintiffs which provided for the payment of a higher wage rate, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs were paid and the amount Plaintiffs should have been paid in overtime and non-overtime under the promised wage rates, together with an award of interest, costs, disbursements, attorneys' fees, as allowed by the relevant statutes, and such other relief as the Court deems proper.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a)    Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) for the appropriate counts;

26

b)      Certify this matter as a Class Action under Fed. R. Civ. P. 23(b) for the appropriate counts and appoint Plaintiffs as the representatives of the Classes and the undersigned attorneys as Class Counsel;

c)      Grant judgment against Defendants, jointly and severally, and in favor of each Plaintiff in the amount of each Plaintiff's respective unpaid wages plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

d)      Grant judgment against Defendants, jointly and severally, and in favor of each Plaintiff's respective unpaid wages and benefits, three times unpaid wages and benefits in liquidated damages; and reasonable attorneys' fees and costs, pursuant to the D.C. Wage Laws.

e)      Grant judgment against Defendants, jointly and severally, and in favor of each Plaintiff in the amount of each Plaintiff's respective unpaid wages and benefits, double or triple unpaid wages and benefits in liquidated damages; and reasonable attorneys' fees and costs, pursuant to the Maryland Wage Laws.

f)      Grant judgment against Defendants jointly and severally, for third-party beneficiary breach of contract;

g)      Grant judgment against Defendants Amerigal and Ezequiel for breach of contract;

h)      Award Plaintiffs all wages owed by Defendants for Plaintiffs' work on the water mains projects;

i)      Award Plaintiffs liquidated and compensatory damages to the fullest extent permitted under the law;

j)      Award Plaintiffs litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law;

k)      Award Plaintiffs prejudgment interest at the legal rate from the date of violations

until judgment, and post-judgment interest at the legal rate thereafter;

l)      Order that Defendants cease and desist from violating the FLSA, D.C. Wage

Laws and Maryland Wage Laws;

m)      Permanently enjoin Defendants to pay overtime and non-overtime compensation

at least at the prevailing wage required by the DCWPCL and MPWL; and

n)      Award such other relief as this Court deems just and proper.

## **Jury Trial Demand**

Plaintiffs hereby demand a trial by jury.


Dated: August 30, 2022                    Respectfully submitted,


                                          /s/ Nicolas Mendoza
                                          Mark Hanna (D.C. Bar No. 471960)
                                          Arlus Stephens (D.C. Bar No. 478938)
                                          Nicolas Mendoza (D.C. Bar No. 1655700)
                                          Murphy Anderson PLLC
                                          1401 K St. NW
                                          Suite 300
                                          Washington, DC 20005
                                          Phone: (202) 223-2620
                                          Fax: (202) 296-9600
                                          mhanna@murphypllc.com
                                          astephens@murphypllc.com
                                          nmendoza@murphypllc.com

                                          *Counsel for Plaintiffs*