IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSUE BARRIENTOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIGAL CONSTRUCTION CO. INC. et al.,<br><br>Defendants. | Civil No. 22-02618 TSC ZMF |

**STIPULATED CONSENT DECREE BETWEEN PLAINTIFFS AND DEFENDANT AMERIGAL CONSTRUCTION CO., INC.**

**Introduction**

1. On August 30, 2022, Lead Plaintiffs Josue Barrientos, Enrique Garcia, Fidel Hernandez, and Oscar Noe Martinez filed the above-captioned suit (the "Lawsuit") against Amerigal Construction Co., Inc., Luis Ezequiel,[1] and Capitol Paving of D.C., Inc. alleging that (1) Plaintiffs were not paid for a significant amount of pre-shift work they performed each morning at Amerigal's yard, where they loaded tools and materials and did other work; (2) they were paid less than the prevailing wage rates required for their work on water mains and other public works projects; and (3) sums of money were unlawfully deducted from their pay, with such deductions described on Plaintiffs' paystubs as "FRINGES."  (ECF No. 1.)

---

[1] On July 5, 2024, Defendant Ezequiel—Amerigal's president and majority owner—filed a Notice of Suggestion of Pendency of Chapter 7 Bankruptcy.  (ECF No. 54.)   An Order of Discharge was entered on September 19, 2024.  *In Re Luis De Almeida Ezequiel*, Case No. 24-14872, ECF No. 23 (Bankr. D. Md. Sept. 19, 2024).  Amerigal has not petitioned for bankruptcy.

2. Plaintiffs asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"), the D.C. Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.* ("DCMWA"), the Maryland Prevailing Wage Law, Md. Code Ann., State Fin. & Procurement § 17-201, *et seq.* ("MPWL"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL"), and D.C. and Maryland common law.

3. On November 7, 2022, Plaintiffs filed an amended complaint that added Fort Myer as a Defendant. (ECF No. 14.)

4. In connection with the Court's grant of Plaintiffs' motion for conditional certification of a collective action, other individuals filed opt-in forms alleging that they suffered violations similar to those alleged by the Lead Plaintiffs, joining the case.

5. On February 13, 2025, Plaintiffs and Capitol Paving jointly moved for approval of the settlement agreement reached between them. (ECF No. 76.)

6. On April 1, 2025, Plaintiffs and Fort Myer filed a Joint Status report indicating that Plaintiffs and Fort Myer had reached a settlement and planned to jointly move for approval on or before May 1, 2025. (ECF No. 77.)

7. Thereafter, Plaintiffs and Amerigal agreed to the terms of a settlement reflected in this Consent Decree.

8. In reliance on the representations contained herein, and in consideration of the mutual promises, covenants, and obligations in this Consent Decree, Plaintiffs and Amerigal, through their undersigned counsel, hereby stipulate and agree as follows:

**Jurisdiction**

9.      This Court has jurisdiction over the subject matter of this action and jurisdiction over the parties pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367.  The Court will retain jurisdiction over the Lawsuit and this Consent Decree until all the Consent Decree's terms have been satisfied.

**General Provisions**

10.     This Consent Decree constitutes both an Order of the Court and a contract, and all its provisions are enforceable.  It shall take effect only if the Court approves Plaintiffs' settlements with Capitol Paving and Fort Myer.

11.     Plaintiffs and Amerigal recognize that there has been no judicial determination that Amerigal violated the FLSA, D.C. law, or Maryland law, and further recognize that Amerigal denies liability for the violations alleged in the Lawsuit.

12.     Plaintiffs and Amerigal agree that Plaintiffs' claims may be resolved on a non-class basis because they were not certified as a class action.

13.     The provisions of this Consent Decree shall apply to and be binding on Plaintiffs and Amerigal and any and all of Amerigal's insurers, attorneys, employees, managers, affiliates, and agents.

14.     Amerigal represents that it lacks funds to pay Plaintiffs anything for the Claims alleged in the Lawsuit but will cooperate with the other parties in this case to assist in the effectuation of Plaintiffs' settlements with Capitol Paving and Fort Myer, if the Court approves them.

15.     Plaintiffs represent that if the Court approves their settlements with Fort Myer and Capitol Paving, those settlements will provide Plaintiffs with appropriate compensation for the

claims alleged in the Lawsuit. Plaintiffs believe that given their settlements with Fort Myer and Capitol Paving, and given Amerigal's representation that it lacks the ability to pay Plaintiffs anything in connection with the Lawsuit, it is in Plaintiffs' best interest to agree to the terms in this Consent Decree.

## Stipulated Injunctive Relief

16. For a two-year period beginning on the date the Court enters this Consent Decree, Amerigal will not perform any work under any water or sewer utility construction contract with WSSC or D.C. Water.

17. Within 14 days of the Court's entry of this Consent Decree, Amerigal and Plaintiffs will jointly send a letter to D.C. Water and WSSC indicating that as a result of the Consent Decree and Plaintiffs' allegations in the Lawsuit, Amerigal may not perform any work under any contract with D.C. Water or WSSC for two years.

18. For a two-year period beginning on the date the Court enters this Consent Decree, Luis Ezequiel will not own, control, or manage any construction company that performs any work under any contract with D.C. Water or WSSC.

## Final Settlement

19. Upon approval and entry of this Consent Decree by the Court and satisfaction of the terms of the Consent Decree, this Consent Decree will constitute a final settlement of Plaintiffs' claims in the Lawsuit against Amerigal.

Having scrutinized the above terms and determined they are fair and reasonable in light of all the circumstances—including Plaintiffs' settlements with Capitol Paving and Fort Myer, Defendant Ezequiel's bankruptcy proceeding, and Amerigal's alleged financial situation—the

Court determines that this settlement is fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and IT IS THEREFORE ORDERED that all the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this order.

SO ORDERED THIS _____DAY OF _____, 2025

_____
U.S. District Judge Tanya S. Chutkan

**Respectfully submitted this 14th day of May, 2025**

**WE CONSENT:**

        **For Plaintiffs:**

        /s/ David Rodwin
        David Rodwin (90032257)
        drodwin@murphypllc.com
        Nicolas Mendoza (1655700)
        nmendoza@murphypllc.com
        Mark Hanna (471960)
        mhanna@murphypllc.com
        Arlus J. Stephens (478938)
        astephens@murphypllc.com
        Murphy Anderson PLLC
        1401 K Street NW, Suite 300
        Washington, DC 20005
        tel: (202) 223-2620
        fax: (202) 296-9600

        *Counsel for the Plaintiffs*

        **FOR AMERIGAL:**

        /s/ Manuel R. Geraldo (with permission by D. Rodwin)
        Manuel R. Geraldo (260216)
        mgeraldo@rglaw.net
        Robinson & Geraldo

1316 Pennsylvania Ave SE
Washington, DC 20003
tel: (202) 544-2888
fax: (202) 547-8342

*Counsel for Defendants Amerigal and Ezequiel*